NO. 07-10-0370-CV

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL D

 



DECEMBER
6, 2010

 



 

IN THE INTEREST OF J.D.O., JR., A CHILD



 



 

 FROM THE 320TH DISTRICT COURT OF POTTER
COUNTY;

 

NO. 74,608-D; HONORABLE DON R. EMERSON, JUDGE



 



 

Before QUINN,
C.J., and CAMPBELL and PIRTLE, JJ.

 

 

ORDER

 

The appellant is the father of
J.D.O., Jr., and is a prison inmate appearing pro se.  He seeks to appeal
the trial court’s order terminating his parental rights to J.D.O., Jr. and
appointing appellee the Texas Department of Family and Protective Services the
child’s permanent managing conservator. 
By this order, we address our jurisdiction of the appeal.  Finding we possess jurisdiction of the case
as a restricted appeal, we will continue the existing abatement and remand the
case to the trial court for proceedings consistent with this order.

Appellate Jurisdiction

The trial court signed the order of
termination on July 30, 2010.  The father
filed a notice of appeal in the trial court on September 22.  The notice states it was “forwarded” to the
district clerk on September 15.  We
abated the appeal to consider our jurisdiction. 
In the Interest of J.D.O., Jr.,
No. 07-10-0370-CV, 2010 Tex. App. Lexis 8423 (Tex.App.--Amarillo Oct. 20, 2010,
order) (per curiam); see M.O. Dental Lab v. Rape, 139 S.W.3d 671,
673 (Tex. 2004) (per curiam).  At our
direction, the parties have each filed a brief on the issue of appellate
jurisdiction.

In a civil case, appeal is perfected
by a timely-filed notice of appeal.  Tex.
R. App. P. 25.1(a).  The procedures for
an accelerated appeal under the Rules of Appellate Procedure apply to an appeal
from a final order terminating the parent-child relationship.  Tex. Fam. Code Ann. §§ 109.002(a), 263.405(a)
(Vernon 2008); In re K.A.F., 160
S.W.3d 923, 924-25 (Tex. 2005).  In an
accelerated appeal, the notice of appeal must be filed within twenty days after
the judgment or order is signed.  Tex. R.
App. P. 26.1(b).  Additional time to file
a notice of appeal may be granted so long as the notice of appeal is filed
within fifteen days after the deadline under Rule of Appellate Procedure
26.1.  See Tex. R. App. P. 26.3 (authorizing discretionary extension of
time); Verburgt v. Dorner, 959 S.W.2d
615, 617 (Tex. 1997) (motion for extension implied if notice of appeal filed in
good faith within fifteen-day period of Rule 26.3).  

Once the fifteen-day grace period
passes, however, a party’s attempt to appeal will not invoke the appellate
court’s jurisdiction to determine the merits of the appeal. See Verburgt, 959 S.W.2d at 617; Castillo v. Texas Dep’t of Family and
Protective Services, No. 03-09-0634-CV, 2010 Tex. App. Lexis 5621, at *1-*2
(Tex.App.--Austin January 29, 2010, pet. denied) (mem. op.) (in termination of
parental rights case, court noted it had no authority to extend the deadline
for filing a notice of appeal once the fifteen-day period lapsed).  Rather, if a notice of appeal is not timely
filed, the jurisdiction of the appellate court is invoked only to the extent
the court may determine its lack of jurisdiction and dismiss the appeal.  See Fry
v. Goodpasture, Ltd., No. 07-05-0324-CV, 2005 Tex.App. Lexis 8779, at *2
(Tex.App.--Amarillo October 21, 2005, no pet.) (memo. op.) (citing In re Simpson, 932 S.W.2d 674, 679
(Tex.App.--Amarillo 1996, no writ)).     

Here, the fifteen-day grace period of
Rule 26.3 ended on September 3.  The
father filed his notice of appeal no earlier than September 15.[1]  It was, therefore, untimely.  

The father argues in his
jurisdictional brief that he had no notice of the order of termination until
September 7.  It is undisputed that the
father was not present for the termination hearing and was not represented by
counsel.  The order, in fact, recites
that while properly noticed, the father “wholly made default.”  Rule 4.2 of the Rules of Appellate Procedure
and Rule of Civil Procedure 306a provide for additional time to file documents
when a party does not receive or acquire notice of the signing of a
judgment.  Tex. R. App. P. 4.2; Tex. R.
Civ. P. 306a.  Application of these
rules, however, begins with the filing of a sworn motion with the trial court
during the period of its plenary power over the judgment, measured from the
date the movant establishes he or his counsel first learned of the
judgment.  Tex. R. Civ. P. 306a(5); In re Lynd Co., 195 S.W.3d 682, 685
(Tex. 2006) (orig. proceeding). Nothing before us shows such a motion was
filed.  Rules 4.2 and 306a do not aid our
jurisdiction over the father’s appeal.

We conclude the father’s notice of
appeal was not timely and did not invoke our appellate jurisdiction, unless we
may treat his case as a restricted appeal. 
Our order abating the appeal directed the parties also to address
whether we have jurisdiction over the appeal as a restricted appeal.  See
Tex. R. App. P. 26.1(c).

If a notice of appeal is filed within
six months of the day the order or judgment appealed is signed, a restricted
appeal is available provided the appellant: (1) filed a notice of appeal within
six months of the trial court’s order; (2) was a party to the underlying suit;
(3) did not participate in the hearing; and (4) can demonstrate error apparent
on the face of the record. See Tex.
R. App. P. 26.1(c) and 30; Gold v. Gold, 145
S.W.3d 212, 213 (Tex. 2004).  The face of
the record consists of all papers on file in the appeal including the
reporter’s record. Norman Communications
v. Texas Eastman Co., 955 S.W.2d 269, 270 (Tex. 1997) (per curiam)
(discussing former writ of error procedure).

In its jurisdictional brief, the
Department cites two private termination cases that proceeded as restricted
appeals.[2]
The Department further states it found no authority prohibiting a Department
termination case from proceeding as a restricted appeal.  The Department also finds Family Code §
161.211 supports the availability of a restricted appeal in termination
cases.  See Tex. Fam. Code Ann. § 161.211(a) (Vernon 2008) (an order
terminating the parental rights of a person who was personally served is not
subject to collateral or direct attack after the sixth month after the date the
order of termination was signed).

The Department notes that the father
filed his notice of appeal within six months of the date the trial court signed
its judgment; the father did not participate in the termination hearing; and
the father did not timely file any post-judgment motions.  The Department thus concludes the father’s
appeal may proceed as a restricted appeal provided we order him to amend his
notice of appeal to comply with Rule of Appellate Procedure 25.1(d)(7). This
rule specifies in a restricted appeal the notice of appeal shall state the
appellant did not participate in the hearing that resulted in the judgment;
state the appellant did not timely file a post-judgment motion or notice of
appeal; and be verified by the appellant if the appellant is not represented by
counsel.  Tex. R. App. P.
25.1(d)(7).  

After the Department filed its
jurisdictional brief, the father filed in the trial court and this court an
amended notice of appeal substantially complying with Rule of Appellate
Procedure 25.1(d)(7), making moot the Department’s suggestion we require him to
do so.[3]

We agree with the Department’s
conclusion we have jurisdiction of the father’s appeal as a restricted appeal.
Tex. R. App. P. 30.

Family Code § 263.405

            Although
we will exercise jurisdiction over the father’s appeal as a restricted appeal,
it nonetheless must be conducted in compliance with the requirements of Family
Code § 263.405.  Tex. Fam. Code Ann. §
263.405 (Vernon 2008); see In re B.G.,
317 S.W.3d 250 (Tex. 2010) (addressing and applying § 263.405); In re M.N., 262 S.W.3d 799 (Tex. 2008)
(same).

In his original notice of appeal,
which he verified, the father stated:

The Appellant desires to appeal the Order of the 320th
Judicial Court Judge because the Trial Court was and is aware that it has
always been the desire of the Appellant to maintain the parent / child relation
with the subject of the suit at bar [J.D.O., Jr.]

The Appellant had maintained continuous communication
with the CASA representative regarding the child of this suit for up-date
information as well as expression of that very desire.

The Trial Court was also put on notice of this fact by
the Appellant allowing the Trial Court to understand that the Appellant was
willing to do whatever was necessary (treatment programs, parenting classes,
anger management classes, etc.) to have Appellant’s son returned to him.

The Trial Court was also put on notice concerning the
time the Appellant was to be released from incarceration. The Appellant had
made it abundantly clear that January 2011 (upon release) that Appellant would
come to the Protective Services to claim his son.

By motion filed in this court, the
father requested appointment of appellate counsel “because [he] is unable to
afford counsel on his own to represent him in this matter due to his financial
status.”  An attached certificate recites
the motion was placed in the prison mail system on October 3, 2010.  A copy of the motion is attached to this
order as Exhibit A.  We have no indication
the father filed an affidavit of indigency in the trial court.  See Tex.
Fam. Code Ann. § 263.405(e) (Vernon 2008).

If a parent requests appointment of
an attorney in order to appeal a suit terminating the parent’s parental rights,
the trial court must determine the issue of indigency.  Tex. Fam. Code Ann. § 263.405(e) (Vernon
2008).  If the trial court finds the
person indigent, the court must appoint counsel to represent the person on
appeal.  Tex. Fam. Code Ann. § 263.405(e)
(Vernon 2008); In re K.M., 98 S.W.3d
774, 776 (Tex.App.--Fort Worth 2003, no pet.). 
An indigent parent whose appeal the trial court finds is not frivolous[4]
is entitled to a free record on appeal. 
Tex. Fam. Code Ann. § 263.405(d), (e) (Vernon 2008).  

To expedite the appeal in these
peculiar circumstances, we maintain the abatement of the case until further
order, and remand the cause to the trial court. 
Within twenty days of the date of this order, the father shall file with
the clerk of the trial court an affidavit of indigence complying with Rule of
Appellate Procedure 20.1.[5]  Tex. R. App. P. 20.1.  At the time of filing, the father shall serve
the Department with a copy of the affidavit.[6]  

On remand, the trial court shall
schedule and conduct an evidentiary hearing to determine whether under Family
Code § 263.405 the father is entitled to appointed appellate counsel and a free
record on appeal.  

In his motion requesting appointment
of counsel, the father also requested a bench warrant returning him “to this
hearing so that [he] can give his testimony in person on his behalf and defend
his position in this matter.”  Along with
the motion requesting counsel, we refer the father’s request for a bench
warrant to the trial court.[7]  

After its hearing, the trial court
shall make findings of fact and conclusions of law regarding all matters
heard.  If appellate counsel is appointed
for the father, the order of appointment shall include the attorney’s name,
state bar identification number, address, telephone number, and fax
number.  

The hearing shall be transcribed and,
along with any documentary evidence admitted, be included in a supplemental
reporter’s record.  The trial court’s
findings of fact and conclusions of law, the father’s affidavit of indigence
and any other documents filed in regard to this order, as well as any orders of
the trial court made in compliance with this order, shall be included in a
supplemental clerk’s record.  The
supplemental clerk’s record and supplemental reporter’s record shall be filed
with the clerk of this court on or before the tenth day following the hearing
conducted by the trial court in compliance with this order.[8]


It is so ordered.

Per
Curiam

 

 

 




 






 






 













[1] In his notice of appeal, the father states he
forwarded a copy to the district clerk on September 15, 2010. The document
bears the clerk’s September 22 file stamp. 
For this discussion we assume the father’s notice of appeal was filed
September 15, according to the “mailbox rule.” 
See Ramos v. Richardson, 228 S.W.3d 671, 673 (Tex. 2007) (per curiam); Warner v. Glass, 135 S.W.3d 681, 686
(Tex. 2004) (per curiam) (both finding pleadings filed when received for
mailing by prison authorities); Tex. R. Civ. P. 5 (“mailbox rule”).

 





[2] In re J.A.M.R.,
303 S.W.3d 422, 424 (Tex.App.--Dallas 2010, no pet.); In re N.A.F., 282 S.W.3d 113, 115, 115 n.1 (Tex.App.--Waco 2009, no
pet).





[3] Both the father’s original and amended notices of
appeal contain declarations substantially in the form prescribed by statute for
inmates. See Tex. Civ. Prac. &
Rem. Code Ann. §§ 132.001, 132.002 (Vernon 2005 & Supp. 2010).  

 





[4] In determining whether an appeal is frivolous, the
trial court may consider whether the appellant presents a substantial question
for appellate review.  Tex. Civ. Prac.
& Rem. Code Ann. § 13.005(b) (Vernon 2008); see In re O.W.J. and S.C.,
2010 Tex. App. Lexis 7976 (Tex.App.--Amarillo Sept. 29, 2010, no pet. h.).  

 





[5] The affidavit of indigence must
identify the party filing it, state the amount of costs, if any, the party can
pay, and contain complete information about the party’s financial
condition.  Tex. R. App. P. 20.1(b).  Specifically, the affidavit must include: 

(1) the nature and amount of the party’s current employment income,
government-entitlement income, and other income; (2) the income of the party’s
spouse and whether that income is available to the party; (3) real and personal
property the party owns; (4) cash the party holds and amounts on deposit that
the party may withdraw; (5) the party’s other assets; (6) the number and
relationship to the party of any dependents; (7) the nature and amount of the
party’s debts; (8) the nature and amount of the party’s monthly expenses; (9)
the party’s ability to obtain a loan for court costs; (10) whether an attorney
is providing free legal services to the party without a contingent fee; and
(11) whether an attorney has agreed to pay or advance court costs. 

Tex. R. App.
P. 20.1(b)(1)-(11).





[6] Additionally, we remind the father of his obligation
to serve the Department with a copy of all documents submitted for filing with
the trial court and this court.  Tex. R.
Civ. P. 21; Tex. R. App. P. 9.5.  The
document submitted for filing must contain proof of service.  Tex. R. Civ. P. 21a; Tex. R. App. P. 9.5(d).

 





[7] An inmate has no absolute right to appear in person
for the trial of a civil case, Armstrong
v. Randle, 881 S.W.2d 53, 56-57 (Tex.App.--Texarkana 1994, writ denied),
but he may not be denied reasonable access to the courts.  In bench warrant cases, if a court determines
a pro se inmate in a civil suit may
not appear personally, it may, however, allow the inmate to appear by telephone,
affidavit, or deposition.  In re D.D.J., 136 S.W.3d 305, 314
(Tex.App.--Fort Worth 2004, no pet.).  

 





[8] An order denying a claim of indigence or finding an
appeal frivolous is appealable according to the procedure of Family Code §
263.405(g).  Tex. Fam. Code Ann. §
263.405(g) (Vernon 2008).