**In the Interest of J.A.M.R., a Child.**

**No. 05–09–00576–CV.**

Court of Appeals of Texas,
Dallas.

Jan. 11, 2010.

---

Conswella Edwards, Arlington, TX, for Appellant.

Roy Lee Reeves, Plano, TX, for Appellee.

Before Justices MORRIS, O'NEILL, and FILLMORE.

## OPINION

Opinion By Justice MORRIS.

In this restricted appeal, appellant G.R. challenges the trial court's order terminating his parental rights to J.A.M.R. In five issues, appellant contends the termination order should be reversed because there is legally or factually insufficient evidence to support termination under the statutory grounds on which the trial court's order is based. In a sixth issue, appellant asserts the trial court erred in proceeding to trial without the Texas Attorney General. Concluding appellant's issues lack merit, we affirm the trial court's order.

### I.

On August 18, 2008, J.A.M.R.'s maternal grandmother (M.A.B.) and her common law husband filed a petition to terminate the rights of J.A.M.R.'s parents and adopt him. The trial court's docket sheet shows appellant was served on September 22, 2008 but failed to file a written response or otherwise appear in the matter.[1] After a

---

1. Appellant does not contend he lacked notice of the lawsuit or the termination hearing.

hearing at which appellant was not present, the trial court rendered a judgment terminating appellant's parental rights on the grounds that he (1) voluntarily left the child alone or in the possession of another not the parent and expressed an intent not to return, (2) voluntarily left the child alone or in the possession of another not the parent without expressing an intent to return, without providing for the adequate support of the child, and remained away for at least three months, (3) voluntarily left the child alone or in the possession of another without providing adequate support of the child and remained away for a period of at least six months, and (4) executed an unrevoked or irrevocable affidavit of relinquishment of parental rights as provided for by chapter 161 of the Texas Family Code.[2] The trial court also concluded that termination of the parent-child relationship was in the best interest of the child. Upon learning of the judgment, appellant timely filed this restricted appeal.

## II.

A restricted appeal affords a party who did not participate at trial with the opportunity to correct an erroneous judgment. To prevail in a restricted appeal, appellant must establish that he filed a notice of appeal within six months of the date the judgment was signed, he was a party to the underlying lawsuit, he did not participate in the hearing that resulted in the judgment or timely file any postjudgment motions or requests for findings of fact and conclusions of law, and error is apparent on the face of the record. Tex.R.App. P. 30; *Fid. & Guar. Ins. Co. v. Drewery Constr. Co. Inc.*, 186 S.W.3d 571, 573 (Tex. 2006). Only the last element is in question in this case. For purposes of our review, the face of the record includes all of the

papers on file in the appeal, including the reporter's record. *See Norman Commc'ns v. Tex. Eastman Co.*, 955 S.W.2d 269, 270 (Tex.1997). As such, our scope of review may include challenges to the legal and factual sufficiency of the evidence. *Id.*

Before parental rights can be involuntarily terminated, the fact-finder must find by clear and convincing evidence that the parent has committed one of the enumerated statutory grounds and that termination is in the best interest of the child. Tex. Fam.Code Ann. § 161.001 (Vernon Supp.2009). Here, the trial court terminated appellant's parental rights under the voluntary abandonment provision of sections 161.001(1)(A) through (C) and section 161.001(1)(K) (execution of unrevoked or irrevocable affidavit of relinquishment). Tex. Fam.Code Ann. § 161.001(1)(A)-(C) and (K) (Vernon 2009).

By his first issue, appellant argues that the evidence is legally and factually insufficient to support a finding that he voluntarily abandoned J.A.M.R. under section 161.001(A). During direct questioning, M.A.B. was asked whether appellant had left J.A.M.R. in her possession for a period more than six months expressing an intent to not return. She responded "yes" and further stated that appellant had told her "he didn't want him." In his brief, appellant contends custody was given to M.A.B. at a support hearing in 2006. Appellant further claims that in 2007, he initiated proceedings to obtain custody of J.A.M.R. after having trouble exercising his visitation rights. Appellant argues that these facts, together with M.A.B's acknowledgment at the hearing of "lengthy court proceedings with G.R." precludes a finding of voluntary abandonment. Our record does not include court records or

---

**2.** Although the trial court's order recites that appellant executed an affidavit of relinquish-

ment, appellant correctly notes that no such affidavit appears in the record.

notes from any other proceedings. Because the facts upon which appellant relies are not in the record before us, we cannot consider them in determining whether the trial court erred in its findings. *See Fid. & Guar. Ins. Co.*, 186 S.W.3d at 573 (error must be apparent on face of the record). Appellant also argues M.A.B.'s statements about appellant's voluntary abandonment should not be considered because she had "a vested interest in articulating such a statement." Appellant has cited no authority for his contention, and we have found none. After reviewing the evidence before us, we conclude the trial court's finding of voluntary abandonment under section 161.001(1)(A) is supported by legally and factually sufficient evidence. We resolve appellant's first issue against him.

In his third issue, appellant contends the trial court did not articulate any statutory grounds for the termination of his parental rights. We disagree. Although the trial court did not specify the statutory grounds for termination at the hearing, the court's order specified the four statutory grounds noted earlier. Under this issue, appellant further argues that the evidence was insufficient to support a finding that the termination was in J.A.M.R.'s best interest because the sole evidence on this issue was M.A.B's affirmative response to the question, "Do you believe it would be in [J.A.M.R's] best interest to terminate [G.R.'s] as his father?"

■■■ Among the non-exclusive factors to be considered by the court when making a best interest determination are the present and future emotional and physical needs of the child, the emotional and physical danger to the child now and in the future, the parental abilities of the individuals seeking custody, the plans for the child by these individuals, the stability of the home or proposed placement, the acts or omissions of the parent which may indicate that the existing parent-child relationship is not a proper one. *See Holley v. Adams*, 544 S.W.2d 367, 372 (Tex.1976). At the hearing, M.A.B. testified that she and her common law husband desired to adopt J.A.M.R. At the time of the hearing, J.A.M.R. was not yet three years old and had been living with M.A.B. for at least six months.[3] There was also evidence that appellant was over $2,000 in arrears with respect to his court ordered child support obligations and had paid less that $400 in support for the child in the last two years. There was also M.A.B.'s testimony that appellant had left J.A.M.R. in her care for over six months and told her "he didn't want him." These facts provided the trial court with sufficient evidence that termination of appellant's parental rights was in J.A.M.R's best interest. *See In re C.H.*, 89 S.W.3d 17, 27 (Tex.2002) (evidence of just one *Holley* factor may suffice as support of a finding that termination is in best interest of the child).

■■■ In his sixth issue, appellant asserts the trial court erred in proceeding to trial without the Texas Attorney General. The law is well-settled that to present an issue to this Court, a party's brief shall contain, among other things, a clear and concise argument for the contentions made with appropriate citations to authority and the record. Tex.R.App. P. 38.1(i). Bare assertions of error without argument or authority waive error. *See Sullivan v. Bickel & Brewer*, 943 S.W.2d 477, 486 (Tex.App.-Dallas 1995, writ denied). Appellant's entire argument under this issue consists of two sentences without citation

---

**3.** In his brief, appellant asserts M.A.B. had custody of J.A.M.R. since June 2006, after the child's mother left him in her care. It therefore appears that J.A.M.R. had been living with M.A.B. since he was six months old.

to the record or any legal authority. By failing to brief this issue, appellant has waived the complaint.

We conclude the evidence is legally and factually sufficient to support the trial court's determination that appellant voluntarily abandoned J.A.M.R under family code section 161.001(1)(A) and that the termination of appellant's parental rights was in the best interest of the child. We need not address appellant's remaining issues challenging the sufficiency of the evidence of the other statutory grounds for termination found by the trial court. We affirm the trial court's order.