

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-15-00055-CV

IN THE INTEREST OF A.P.M. AND A.M., CHILDREN

On Appeal from the 6th District Court
Red River County, Texas
Trial Court No. CV03353

Before Morriss, C.J., Moseley and Burgess, JJ.
Memorandum Opinion by Justice Moseley

## MEMORANDUM OPINION

The Texas Department of Family and Protective Services (the Department) filed a petition to terminate Dale and Amy Miller's parental rights to their one-year-old son, Austin, and their nine-year-old daughter, Allison.[1]  During the jury trial (in which neither Dale nor Amy appeared as witnesses), it was developed that it was extremely unlikely that *Family Circle* magazine would ever feature Dale and Amy in cover stories regarding the best way to raise children. Witnesses in that trial testified (1) that Amy had admitted to smoking methamphetamine in Allison's presence while she was pregnant with Austin, (2) that Dale had sold methamphetamine out of the family home during times when Allison was present, and (3) that dog feces, syringes, and "sex toys" littered the house which the couple shared with the children.  The testimony at trial also documented the couple's criminal history and history of domestic violence, the violence sometimes occurring in Allison's presence.  The jury also heard that Dale and Amy moved to Wyoming during the pendency of the case and failed to complete their court-ordered family service plan.

Following the jury trial, the trial court entered an order in accord with the jury's verdict of termination of Dale's and Amy's parental rights to the children on the grounds that (1) they knowingly placed or knowingly allowed the children to remain in conditions or surroundings which endangered the children's physical or emotional well-being; (2) they engaged in conduct or knowingly placed the children with persons who engaged in conduct which endangered the

---

[1]To protect the confidentiality of the children involved, this Court will refer to all involved parties by fictitious names. *See* TEX. R. APP. P. 9.8(b)(C)(2).

children's physical or emotional well-being; (3) they failed to comply with the provisions of a court order that established the actions necessary for them to obtain the return of the children after the children were left in the conservatorship of the Department for not less than nine months as a result of their removal for abuse or neglect; (4) Dale contumaciously refused to submit to a reasonable and lawful order of the court; and (5) termination of their parental rights was in the children's best interests. *See* TEX. FAM. CODE ANN. § 161.001(b)(1)(D), (E), (I), (O), (2) (West Supp. 2015).

On appeal, Dale and Amy each challenge the legal and factual sufficiency of the evidence to support the jury's verdict. In addition to the sufficiency challenges, Amy maintains that the trial court's evidentiary rulings and its decision to overrule her motion for a mistrial were in error. We find that (1) Dale preserved neither his legal sufficiency nor his factual sufficiency challenges to the jury's verdict, (2) Amy failed to preserve her factual sufficiency challenge, and (3) the evidence is legally sufficient to support termination of Amy's parental rights under Sections 161.001(b)(1)(O) and (b)(2) of the Texas Family Code. We further find that Amy's remaining challenges are inadequately briefed. Accordingly, we affirm the trial court's judgment.

## I.    Dale's Legal and Factual Sufficiency Challenges Were Not Preserved

Dale argues that the evidence is legally and factually insufficient to support the finding that termination of his parental rights was in the children's best interests. *See* TEX. FAM. CODE ANN. § 161.001(b)(2). Dale failed to preserve these issues for appeal.

As a prerequisite to bringing a legal sufficiency challenge in a parental-rights termination appeal following a jury trial, a parent must raise the legal sufficiency challenge with the trial court

in either: "(1) a motion for instructed verdict; (2) a motion for judgment notwithstanding the verdict (JNOV); (3) an objection to the submission of the question to the jury; (4) a motion to disregard the jury's answer to a vital fact question; or (5) a motion for new trial." *In re C.Y.*, No. 02-15-00152-CV, 2015 WL 6394559, at *2 (Tex. App.—Fort Worth Oct. 22, 2015, no pet.) (mem. op.) (citing *In re D.J.J.*, 178 S.W.3d 424, 426–27 (Tex. App.—Fort Worth 2005, no pet.)). Here, because Dale failed in the trial court to challenge the legal sufficiency of the evidence supporting the jury's verdict in any of the manners specified above, or otherwise, we find that he has failed to preserve his legal sufficiency challenge for appeal.

Further, "[t]he Texas Rules of Civil Procedure specify that the filing of a motion for new trial is a prerequisite to present[ing] '[a] complaint of factual sufficiency of the evidence to support a jury finding.'" *In re O.M.H.*, No. 06-12-00013-CV, 2012 WL 2783502, at *2 (Tex. App.—Texarkana July 10, 2012, no pet.) (mem. op.) (third alteration in original) (quoting TEX. R. CIV. P. 324(b)(2); *Cecil v. Smith*, 804 S.W.2d 509, 512 (Tex. 1991)). Where, as here, no motion for new trial raising factual sufficiency challenges to the jury's verdict was filed, the issue of factual sufficiency is not preserved for appeal. *Id.* (citing *In re M.S.*, 115 S.W.3d 534, 547 (Tex. 2003)); *see C.Y.*, 2015 WL 6394559, at *2; *In re J.V.*, No. 02-15-00036-CV, 2015 WL 4148500, at *1–2 (Tex. App.—Fort Worth July 9, 2015, no pet.) (mem. op.); *In re E.K.*, No. 13-14-00720-CV, 2015 WL 2353292, at *7–8 (Tex. App.—Corpus Christi May 14, 2015, no pet.) (mem. op.); *In re C.D.K.*, 64 S.W.3d 679, 681–82 (Tex. App.—Amarillo 2002, no pet.).

Dale's points of error regarding legal and factual sufficiency are overruled.

## II. Amy's Factual Sufficiency Challenge Was Not Preserved

Amy argues that the evidence is legally and factually insufficient to support termination of her parental rights under Section 161.001(b)(1)(D), (E), and (O) of the Texas Family Code. *See* TEX. FAM. CODE ANN. § 161.001(b)(1)(D), (E), (O). During trial, Amy moved for a directed verdict. In doing so, she preserved her challenge to the legal sufficiency of the evidence. However, because she failed to file a motion for new trial, Amy's factual sufficiency challenge was not preserved. Because the issue of factual sufficiency was not preserved, that issue is overruled.

## III. Legally Sufficient Evidence Supports the Termination of Amy's Parental Rights Under Ground O

The constitutional dimensions of the parent-child relationship require strict scrutiny of termination proceedings. *See In re J.F.C.*, 96 S.W.3d 256, 302 (Tex. 2002) (Schneider, J., dissenting). Accordingly, we strictly scrutinize termination proceedings in favor of the parent. *In re S.K.A.*, 236 S.W.3d 875, 900 (Tex. App.—Texarkana 2007), *pet. denied*, 260 S.W.3d 463 (Tex. 2008) (citing *Holick v. Smith*, 685 S.W.2d 18, 20 (Tex. 1985)). To terminate an individual's parental rights to her children, "clear and convincing" evidence must show both that the parent has engaged in one of the statutory grounds for termination and that termination is in the children's best interests. TEX. FAM. CODE ANN. § 161.001 (West Supp. 2015); *In re E.N.C.*, 384 S.W.3d 796, 798 (Tex. 2012); *In re C.H.*, 89 S.W.3d 17, 23 (Tex. 2002). The clear and convincing burden of proof that is required to be met has been defined as "'that measure or degree of proof which will produce in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established.'" *C.H.*, 89 S.W.3d at 23 (quoting *State v. Addington*, 588 S.W.2d 569, 570 (Tex. 1979)); *see* TEX. FAM. CODE ANN. § 101.007 (West 2014). Due process demands this

5

heightened standard. *E.N.C.*, 384 S.W.3d at 802 (citing *J.F.C.*, 96 S.W.3d at 263). Thus, in reviewing termination findings, we determine whether the evidence is such that a jury could reasonably form a firm belief or conviction about the truth of the Department's allegations. *C.H.*, 89 S.W.3d at 25.

In a legal sufficiency review, termination findings are given appropriate deference. *See J.F.C.*, 96 S.W.3d at 266; *Smith v. Tex. Dep't of Protective & Regulatory Servs.*, 160 S.W.3d 673, 679 (Tex. App.—Austin 2005, no pet.). In such cases, we consider all the evidence in the light most favorable to the findings to determine whether the jury could reasonably have formed a firm belief or conviction that the grounds for termination were proven. *E.N.C.*, 384 S.W.3d at 802 (citing *J.F.C.*, 96 S.W.3d at 264); *In re J.P.B.*, 180 S.W.3d 570, 573 (Tex. 2005) (per curiam); *In re J.L.B.*, 349 S.W.3d 836, 846 (Tex. App.—Texarkana 2011, no pet.). We assume that the jury resolved disputed facts in favor of the findings if a reasonable jury could do so. *E.N.C.*, 384 S.W.3d at 802 (citing *J.F.C.*, 96 S.W.3d at 266); *J.P.B.*, 180 S.W.3d at 573. Conversely, we disregard evidence that the jury may have reasonably disbelieved or testimony from witnesses whose credibility may reasonably be doubted. *E.N.C.*, 384 S.W.3d at 802 (citing *J.F.C.*, 96 S.W.3d at 266); *J.P.B.*, 180 S.W.3d at 573.

Only one predicate finding under Section 161.001(b)(1) is necessary to support a judgment of termination when there is also a finding that termination is in the children's best interests.[2] *In re A.V.*, 113 S.W.3d 355, 362 (Tex. 2003); *In re K.W.*, 335 S.W.3d 767, 769 (Tex. App.—Texarkana 2011, no pet.); *In re N.R.*, 101 S.W.3d 771, 775 (Tex. App.—Texarkana 2003, no pet.). "'If

---

[2]Amy does not challenge the best-interest finding.

multiple predicate grounds are found by the trial court, we will affirm based on any one ground because only one is necessary for termination of parental rights.'" *K.W.*, 335 S.W.3d at 769 (quoting *In re D.S.*, 333 S.W.3d 379, 388 (Tex. App.—Amarillo 2011, no pet.)).

> Ground O requires the Department to prove that a parent has

> failed to comply with the provisions of a court order that specifically established the actions necessary for the parent to obtain the return of the child who has been in the permanent or temporary managing conservatorship of the Department of Family and Protective Services for not less than nine months as a result of the child's removal from the parent under Chapter 262 for the abuse or neglect of the child.

TEX. FAM. CODE ANN. § 161.001(b)(1)(O).[3]

The trial court ordered Amy to comply with each requirement of the family service plan as drawn up by the Department. Under the terms of the court-ordered plan, Amy was required to (1) complete a batterer's intervention program "for the abused," (2) complete a psychological evaluation, (3) participate in and successfully complete counseling, (4) demonstrate her ability to remain drug free by submitting to random drug testing, (5) complete a drug assessment with the East Texas Council on Alcoholism and Drug Abuse, (6) successfully complete parenting classes, (7) refrain from participating in any and all criminal activity, (8) remain in contact with her Child Protective Services caseworker, Leanne Edwards, on a weekly basis, and (9) notify Edwards of any changes in her residence within seventy-two hours of such change.[4]

---

[3]The fact that the children were in the Department's care for not less than nine months as a result of their removal for abuse or neglect is uncontested.

[4]Amy was also ordered to maintain stable employment and housing.

7

On appeal, Amy admits that she "fell short in all she was ordered to do by the Court." We agree. During trial, Edwards testified that Amy failed to complete the court-ordered service plan. Specifically, Edwards informed the jury that Amy did not complete any of the batterer's intervention program "for the abused," her psychological evaluation, or the required counseling or parenting classes. Edwards testified that Amy also missed drug testing and was twice arrested for public intoxication during the critical period. Edwards also testified that Amy called her only four times in the course of a year, moved to Wyoming with Dale during the pendency of the case, and failed to notify her of the move or of her change of address. We find that this evidence was legally sufficient to support termination of Amy's parental rights under Ground O. Accordingly, we overrule this point of error.

## II. Amy's Remaining Point of Error is Inadequately Briefed

Amy's remaining point of error is as follows:

> The Appellant was harmed and the Court erred in overruling the Appellant's motion for mistrial when the state attempted to inject the subject child's [Allison's] testimony without holding a hearing outside the presence of the jury as to the child's availability and when the state ask[ed] questions about drug objects in violation of the court's pretrial order and Section 104.006 of the Texas Family Code] as well as other instances of the state attempting to interject inadmissible evidence before the jury, thus causing the defense to object and ask for a[n] instruction to disregard and move for a mistrial.

This point of error is multifarious. "If a court concludes that a point of error is multifarious, it may refuse to review it, or it may consider the point of error if it can determine with reasonable certainty the error about which the complaint is made." *S.K.A.*, 236 S.W.3d at 894. Here, we decline to address Amy's point of error, not because it is multifarious, but because it is inadequately briefed.

8

Rule 38.1 of the Texas Rules of Appellate Procedure sets forth what must be included in an appellant's brief. *See* TEX. R. APP. P. 38.1. The Rule requires that an appellant's brief "contain a clear and concise argument for the contentions made, with appropriate citations to authorities." TEX. R. APP. P. 38.1(i). "The burden rests on the appellant to discuss his assertions of error." *E.K.*, 2015 WL 2353292, at *8. "Appellate courts must construe briefing requirements reasonably and liberally, but a party asserting error on appeal still must put forth some specific argument and analysis showing that the record and the law support its contentions." *In re A.S.*, No. 12-13-00206-CV, 2014 WL 1922635, at *2 (Tex. App.—Tyler May 14, 2014, no pet.) (mem. op.).

Amy's appellate brief complains of the trial court's decision to admit evidence and overrule a motion for mistrial. Although the brief includes citations to the record, it contains no substantive discussion of what evidence was admitted over objection, why the trial court erred in admitting the evidence, or why the trial court erred in denying the motion for mistrial.[5]

---

[5]In its entirety, Amy's brief on this point of error reads:

> The State on several occasions attempted to introduce evidence that was not admissible and thus forcing the Appellant to object, move for an instruction to disregard which, was granted and then, in order to preserve the point for appellant review, move for a mistrial, which was denied. At (RRV2 p. 174 lines 24–25; p. 175 lines1–25; p.176 lines 1–25; p. 177 lines 1–13) there is a whole line[] of questioning by the State that is attempting to introduce evidence that is hearsay with respect [to] statements and out-cry of the minor child A.P.M., in violation of the Court's pretrial order and also in violation of TEX. FAM. CODE ANN. [§] 104.006 which requires a hearing outside the presence of the jury before statements of a minor child can be admitted. All this wrangling in front of the jury was prejudicial and forced the Appellant to make numerous objections and for an instruction to disregard both of which were granted but Appellant then moved for a mistrial which was denied. (RRV2 p. 177 lines 8–18). The *first* such attempt [to] inject inadmissible evidence occurred when the state tried to offer evidence before the jury about the Appellant found drugs in the Appellant's house when it . . . was not proven. All this was also in violation of the Court's own pretrial order causing the Appellant to object and get an instruction to disregard and move for a mistrial. (RRV.2,p. 154 lines 6–25 and p.155 lines 1–16.) Without hardly breaking stride the state again went into question about drug needles forcing another object[ion] and move for an instruction to disregard which was again granted but then followed by a denied motion for a mistrial (RR.V2,p.155 lines17–25 and p.156 lines 1–6).

In a haphazard manner, the brief points to portions of the record and concludes that the trial court erred in its rulings. "For an advocate to recite facts, and then state that he or she should therefore prevail—is insufficient." *In re I.D.T.*, No. 06-08-00031-CV, 2008 WL 2756871, at *1 (Tex. App.—Texarkana July 17, 2008, no pet.) (mem. op.). "'Bare assertions of error without argument or authority waive error.'" *E.K.*, 2015 WL 2353292, at *7 (quoting *In re J.A.M.R.*, 303 S.W.3d 422, 425 (Tex. App.—Dallas 2010, no pet.)).

The brief also fails to contain the applicable standards of review, any authority which would support the assertion that the trial court erred in overruling Amy's objections and motions

---

The *fourth* such attempt to bring inadmissible evidence before the jury occurred when the state attempted to get admitted the contents of a hospital record through a child protective services worker causing another objection and instruction to be granted but a mistrial denied. (RR.V2, p. 208 lines 17–25 and p.209 lines 1–7). This sequence continued again when the state offered evidence that was out of bounds when the witness was ask[ed] about getting arrested when she went for a drug test causing another objection and instruction to disregard to be granted but the move for a mistrial to be denied. Again all of this was before the trier of facts—the jury. (RRv.2p.218 lines 8–14)

Later[,] the Appellant's mother went into what is expert testimony territory by speculating as to whether the Appellant would be capable of changing some of her behavior that was outside of the purview of her competency as a witness, that again called for an objection and instruction to disregard which were granted but a mistrial was denied. (RR.V2, p.12 lines 20–25and p.13 lines 1–13)

The state next ask[ed] the Appellant's mother whether Appellant's husband was a sociopath that again drew an objection and instruction to disregard that was granted but a mistrial that was again denied. (RR.V2,p. 14 lines 16–24)

**To summarize** all the attempts of the state to reach beyond the bounds of admissible evidence the Appellant moved for a mistrial for multiple reasons and for an improper (juror 43) (RRV2,p 58 lines 8–18), multiple leading questions and the above listed attempts to admit improper evidence some of which violated the pretrial order and included the cumulative effect of these attempts that called for an objection and instruction to disregard which were granted and listed above along with the denial of a mistrial on each of those listed as well as a denial of them cumulatively (RR.V3 p. 41 lines 8–25).

The Appellant made the proper objections and secured rulings that preserved the errors for review as set out in *Young v. State*, 137 S.W. 3d 65, 69 (Tex. Crim. App. 2004)[,] where there was a citing (TEX. R. APP. P. 33.1(a)). All this was done pursuant to the rules set out in *Cockrell v. State*, 933 S.W.2d 73, 89 (Tex. Crim. App. 1996). In order to properly evaluate the attempted admission set out above, *Hodge v. State*, 488 S.W.2d779, 781–82 (Tex. Crim. App. 1973)[,] says review is not limited to only the facts of each case, but also the probable effect on the jurors' minds.

10

for mistrial, and any substantive analysis. "The appellate court has no duty to brief issues for an appellant." *A.S.*, 2014 WL 1922635, at *2 (citing *Huey v. Huey*, 200 S.W.3d 851, 854 (Tex. App.—Dallas 2006, no pet.)). "The failure to provide appropriate . . . substantive analysis waives an appellate issue." *Id.* Further, "[w]hen a brief contains no authority to support its argument, a point is inadequately briefed." *I.D.T.*, 2008 WL 2756871, at *1 (citing *Bowles v. Reed*, 913 S.W.2d 652, 661 (Tex. App.—Waco 1995, writ denied)). "[A]n appellant presents the court of appeals with nothing to review when he or she fails to cite any authority for the argument or arguments in his or her points of error." *Id.*; *see E.K.*, 2015 WL 2353292, at *8 ("An appellate issue unsupported by argument or containing an argument lacking . . . legal authority presents nothing for review."); *In re J.E.C.*, No. 06-05-00099-CV, 2005 WL 3500065, at *3 (Tex. App.—Texarkana, Dec. 23, 2005, no pet.) (mem. op.).

"An appellate court has no duty—or even right—to perform an independent review of the record and applicable law to determine whether there was error." *A.S.*, 2014 WL 1922635, at *2; *see In re K.S.*, 76 S.W.3d 36, 45 (Tex. App.—Amarillo 2002, no pet.). "Were we to do so, we would be abandoning our role as neutral adjudicators and [would] become an advocate for that party." *A.S.*, 2014 WL 1922635, at *2; *see E.K.*, 2015 WL 2353292, at *8. Therefore, we find Amy's last point of error inadequately briefed and overrule it.

**III.    Conclusion**

We affirm the trial court's judgment.


Bailey C. Moseley
Justice

Date Submitted:    December 22, 2015
Date Decided:    December 29, 2015