**AFFIRMED and Opinion Filed January 8, 2021**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-19-01289-CV

**JESSICA L. JOHNSON, Appellant**
**V.**
**WELLS FARGO BANK, NA, Appellee**

**On Appeal from the 101st Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-19-03662**

## MEMORANDUM OPINION
Before Justices Partida-Kipness, Pedersen, and Goldstein
Opinion by Justice Goldstein

Wells Fargo obtained a summary judgment against Johnson for the unpaid balance of her Wells Fargo credit card. Johnson, who is pro se, appeals the judgment, raising five issues. Johnson's brief lacks any citations to the record and does not include any authority in support of her complaints,[1] nor does her argument explain, even summarily, why the issues she raises constitute errors by the trial court which could have resulted in an erroneous judgment against her.

---

[1] Johnson cites two cases filed against Wells Fargo in unrelated matters, but those cases are not authorities that support her arguments or relate to the judgment rendered against her.

Although we liberally construe pro se briefs, we hold pro se litigants to the same standards as licensed attorneys and require them to comply with our rules of procedure. *In re N.E.B.*, 251 S.W.3d 211, 211–12 (Tex. App.—Dallas 2008, no pet.). Excusing pro se litigants from complying with rules would provide them with an unfair advantage over litigants represented by counsel. *Id.*

Briefs filed in this Court must contain, among other items, a non-argumentative statement of the facts, supported by record references, and a clear and concise argument for the contention made with appropriate citations to authorities and the record. TEX. R. APP. P. 38.1; *Amrhein v. Bollinger*, 593 S.W.3d 398, 401 (Tex. App.—Dallas 2019, pet. denied). Short conclusory statements, unsupported by legal citations do not suffice. *Amrhein*, 593 S.W.3d at 401. Nor will we search the record for facts or conduct legal research where the party asserting error has failed to do so. *Bolling v. Farmers Branch Indep. Sch. Dist.*, 315 S.W.3d 893, 895 (Tex. App.—Dallas 2010, no pet.). Undertaking these tasks would position us as advocates rather than judges. *Amrehein*, 593 S.W.3d at 401; *Bolling*, 315 S.W.3d at 895.

Despite our request for an amended brief in which we identified Johnson's failure to comply with Rule 38.1, she did not file an amended, compliant brief. Each issue she raised as error is accordingly subject to waiver on that basis. *Unifund CCR Partners v. Weaver*, 262 S.W.3d 796, 797 (Tex. 2008) (per curiam) ("We will not consider factual assertions that appear solely in briefs and are not supported by the

appellate record."); *In re J.A.M.R.*, 303 S.W.3d 422, 425 (Tex. App.—Dallas 2010, no pet.) ("The law is well-settled that to present an issue to this Court, a party's brief shall contain, among other things, a clear and concise argument for the contentions made with appropriate citations to authority and the record."); TEX. R. APP. P. 38.1(i). We conclude Johnson waived any error below by failing to comply with Rule 38.1. We AFFIRM the trial court's judgment.


/Bonnie Lee Goldstein/
BONNIE LEE GOLDSTEIN
JUSTICE


191289F.P05



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

JESSICA L. JOHNSON, Appellant

No. 05-19-01289-CV          V.

WELLS FARGO BANK, NA,
Appellee

On Appeal from the 101st Judicial
District Court, Dallas County, Texas
Trial Court Cause No. DC-19-03662.
Opinion delivered by Justice
Goldstein. Justices Partida-Kipness
and Pedersen participating.

      In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

      It is **ORDERED** that appellee WELLS FARGO BANK, NA recover its costs of this appeal from appellant JESSICA L. JOHNSON.


Judgment entered January 8, 2021