# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-21-00569-CV

### F. T. and B. T., Appellants

### v.

### Texas Department of Family and Protective Services, Appellee

### FROM THE 20TH DISTRICT COURT OF MILAM COUNTY
### NO. CV39,330, THE HONORABLE JOHN YOUNGBLOOD, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

F.T. (Father) and B.T. (Mother), acting pro se, appeal from the trial court's order of termination.[1]  Following a bench trial, the trial court terminated their parental rights to N.T. and O.T., finding, among other grounds, that the parents placed the children in endangering conditions or surroundings and engaged in endangering conduct and that it was in the children's best interest to terminate their parental rights.  *See* Tex. Fam. Code § 161.001(b)(1)(D), (E), (2).  In four issues, appellants contend that they did not have a fair trial, that they successfully completed the services that were provided, that they had "inefficient counsel" during trial, and

---

[1]  We refer to F.T. and B.T. and their children, N.T. and O.T., by their initials or as Father, Mother, Son, and Daughter.  *See* Tex. Fam. Code § 109.002(d); Tex. R. App. P. 9.8.  We also refer to two of Mother's other children by their initials.

F.T. and B.T. were represented at trial by retained counsel but are acting pro se on appeal.  We hold them to the same standards as parties represented by counsel.  *See Stewart v. Texas Health & Human Servs. Comm'n*, No. 03-09-00226-CV, 2010 Tex. App. LEXIS 9787, at *1 n.1 (Tex. App.—Austin Dec. 9, 2010, no pet.) (mem. op.) (explaining that "pro se appellants are held to the same standard as parties represented by counsel to avoid giving unrepresented parties an advantage over represented parties").

that their children also had "inefficient counsel."  For the following reasons, we affirm the trial court's order of termination.

## BACKGROUND[2]

The Texas Department of Family and Protective Services became involved with Son when at birth in January 2019 his meconium tested positive for methamphetamine and Mother tested positive for amphetamine.  Son was removed from appellants' care and placed with relatives.  The Department's case concerning Son remained pending when Daughter was born in July 2020.  In a separate case, Daughter was removed from appellants within a few days after she was born and placed with the same relatives.  The Department also had ongoing cases concerning two of Mother's teenaged children, W.W. and E.W., but Mother relinquished her parental rights to those children prior to trial.

In January 2021, the cases concerning Son and Daughter were consolidated. Because of the COVID-19 pandemic in part, the trial court extended the dismissal dates and conducted the bench trial over several days in August and October 2021.[3]  During the pendency

---

[2] Because the parties are familiar with the facts of the case and its procedural history, we do not recite them in the opinion except as necessary to inform the parties of the Court's decision and the basic reasons for it.  *See* Tex. R. App. P. 47.1, .4.

[3] *See* Tex. Fam. Code § 263.401(a) (providing for automatic dismissal of suit filed by Department that requests termination or conservatorship unless court has commenced trial on merits or granted extension "on the first Monday after the first anniversary of the date the court rendered a temporary order appointing the department as temporary managing conservator"), (b) (allowing extension that does not exceed 180 days from one-year dismissal); *First Emergency Order Regarding the COVID-19 State of Disaster*, 596 S.W.3d 265 (Tex. 2020) (dated March 13, 2020, stating that courts may "[m]odify or suspend any and all deadlines and procedures"); *Third Emergency Order Regarding the COVID-19 State of Disaster*, 596 S.W.3d 266, 267 (Tex. 2020) (dated March 19, 2020, clarifying that authorization to modify or suspend deadlines and procedures "applies to all proceedings under Subtitle E, Title 5, of the Family Code, and specifically, to the deadlines in Section 263.401").

of the cases, the children remained in the care of the same relatives, who also intervened and sought to be appointed as the children's sole managing conservators. Evidence at trial showed that appellants were employed, had housing and transportation, and had not been abusing drugs for some time, but other evidence showed that the children were safe and well-taken care of in their placement; that Mother had a long and extensive history with the Department and was not taking care of any of her children; that Father and Mother had an extensive history of drug abuse, including using methamphetamine; that Father had a criminal history and had committed domestic violence against Mother, including assaulting her; and that Father and Mother had abused and neglected their children. The witnesses at trial included the Department's investigator and caseworkers, appellants, and Mother's two teenage children, W.W. and E.W., who testified about appellants' abuse and neglect of them.

In its order of termination, the trial court found that (i) Father and Mother knowingly placed or knowingly allowed the children to remain in conditions or surroundings which endangered their physical or emotional well-being, (ii) Father and Mother engaged in conduct or knowingly placed the children with persons who engaged in conduct which endangered their physical or emotional well-being, (iii) Mother failed to comply with court-ordered services, and (iv) it was in the children's best interest for appellants' parental rights to be terminated. *See id.* § 161.001(b)(1)(D), (E), (O), (2). The trial court found that Father had been convicted or placed on deferred community supervision for being criminally responsible for the death or serious injury of a child under section 22.01 of the Texas Penal Code and had been the cause of a child being born addicted to alcohol or a controlled substance. *See id.* § 161.001(b)(1)(R), (L)(v); *see also* Tex. Penal Code § 22.01 (addressing offense of assault). This appeal followed.

3

# ANALYSIS

**Fair Trial**

In their first issue, appellants argue that they "did not have a fair trial" because "[i]t was postponed five times until some of our witnesses couldn't come anymore" and they were advised by their attorney "to give up our jury trial for a bench trial which [they] did not want to do." They, however, did not raise these arguments with the trial court. *See* Tex. R. App. P. 33.1(a)(1) (requiring party to timely present complaint to trial court to preserve complaint for appellate review); *In re E.S.*, No. 02-20-00407-CV, 2021 Tex. App. LEXIS 4153, at *11 (Tex. App.—Fort Worth May 27, 2021, pet. denied) (mem. op.) (concluding appellant waived right to jury trial "by failing to object when the case was called for trial"); *see also In re B.L.D.*, 113 S.W.3d 340, 349–50 (Tex. 2003) (discussing error preservation in context of appeals from judgments terminating parental rights); *In re Baby Boy R.*, 191 S.W.3d 916, 921–22 (Tex. App.—Dallas 2006, pet. denied) (concluding that constitutional arguments were not preserved for appellate review because they were not raised in trial court). Appellants also did not proffer testimony of "missing" witnesses to the trial court, *see* Tex. R. Evid. 103(a)(2) (generally requiring party to inform trial court of substance of excluded evidence by offer of proof), and they have not provided citations to the record or authority to support this issue, *see* Tex. R. App. P. 38.1(i) (requiring "appropriate citations to authorities and to the record"); *In re J.A.M.R.*, 303 S.W.3d 422, 425 (Tex. App.—Dallas 2010, no pet.) ("Bare assertions of error without argument or authority waive error."). Thus, we conclude that appellants have not preserved this issue and have waived it. We overrule their first issue.

4

**Completion of Services**

In their second issue, appellants argue that they "have successfully completed services provided by Child Protective Services." *See* Tex. Fam. Code § 161.001(b)(1)(O) (failing to comply with court-ordered services).[4]

Only one predicate ground finding, however, is necessary to support termination of parental rights when there is also a best interest finding. *See In re N.G.*, 577 S.W.3d 230, 232–33 (Tex. 2019) (per curiam) ("To affirm a termination judgment on appeal, a court need uphold only one termination ground—in addition to upholding a challenged best interest finding—even if the trial court based the termination on more than one ground."). Appellants have not challenged the trial court's best-interest and predicate-ground findings of endangerment.[5] *See* Tex. Fam. Code § 161.001(b)(1)(D), (E), (2). Thus, we need not determine whether appellants successfully completed services. *See In re A.V.*, 113 S.W.3d 355, 362 (Tex. 2003) (explaining that court did not need to reach challenge to predicate-ground finding because appellant did not challenge sufficiency of evidence supporting alternative predicate-ground and best-interest findings). On this basis, we overrule appellants' second issue.

---

[4] The trial court found that Mother failed to comply with court-ordered services but did not make a similar finding as to Father.

[5] To the extent that appellants' second issue is seeking to challenge the sufficiency of the evidence to support the trial court's best-interest findings, we conclude that they have waived a sufficiency challenge because they have not provided appropriate citations to authorities or the record. *See* Tex. R. App. P. 38.1(i); *In re J.A.M.R.*, 303 S.W.3d 422, 425 (Tex. App.—Dallas 2010, no pet.).

**Ineffective Assistance of Counsel**

In their third and fourth issues, appellants contend that they and their children had "inefficient counsel." We construe these issues to raise claims of ineffective assistance of counsel.

*Standard of Review*

Claims of ineffective assistance of counsel in parental-rights termination cases are evaluated under the two-prong *Strickland* test set forth by the United States Supreme Court for criminal cases. *In re M.S.*, 115 S.W.3d 534, 544–45 (Tex. 2003) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). Under this test, parents must show both that (1) their attorney's performance was deficient and fell below an objective standard of reasonableness, and (2) the deficient performance prejudiced their defense. *Id.* at 545; *Strickland*, 466 U.S. at 687; *see also In re J.O.A.*, 283 S.W.3d 336, 344 (Tex. 2009) (following two-prong *Strickland* test).

In analyzing whether counsel's performance was deficient, we "tak[e] into account all of the circumstances surrounding the case" and "primarily focus on whether counsel performed in a reasonably effective manner." *In re M.S.*, 115 S.W.3d at 545 (internal quotations omitted); *see In re H.R.M.*, 209 S.W.3d 105, 111 (Tex. 2006). We "give great deference to counsel's performance, indulging a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance, including the possibility that counsel's actions are strategic." *In re M.S.*, 115 S.W.3d at 545 (internal quotations omitted); *see In re H.R.M.*, 209 S.W.3d at 111. "An assertion of ineffective assistance will be sustained only if the record affirmatively supports such a claim." *In re A.A.H.*, Nos. 01-19-00612-CV & 01-19-00748-CV, 2020 Tex. App. LEXIS 1915, at *60 (Tex. App.—Houston [1st Dist.] Mar. 5, 2020, pet. denied)

(mem. op.); *Lockwood v. Texas Dep't of Fam. & Protective Servs.*, No. 03-12-00062-CV, 2012 Tex. App. LEXIS 5068, at *15 (Tex. App.—Austin June 26, 2012, no pet.) (mem. op.). Thus, when the record is silent regarding counsel's reasons for his conduct, as it is here, "we defer to counsel's decision if there is at least the possibility that the conduct could have been legitimate trial strategy." *In re A.A.H.*, 2020 Tex. App. LEXIS 1915, at *61. "Challenged conduct constitutes ineffective assistance only when it is 'so outrageous that no competent attorney would have engaged in it.'" *In re H.R.M.*, 209 S.W.3d at 111 (citation omitted).

To satisfy the second-prong of the *Strickland* test, the record must show that there is a reasonable probability that, but for the deficient performance, the result of the proceeding would have been different. *In re M.S.*, 115 S.W.3d at 549–50; *see Strickland*, 466 U.S. at 694 ("A reasonable probability is a probability sufficient to undermine confidence in the outcome."); *Medellin v. Texas Dep't of Fam. & Protective Servs.,* No. 03-11-00558-CV, 2012 Tex. App. LEXIS 8225, at *14 (Tex. App.—Austin Sept. 26, 2012, pet. denied) (mem. op.) (requiring parent to show that there was "a reasonable probability that his parental rights would not have been terminated" (citing *Strickland*, 466 U.S. at 694)).

*Parents' Attorney*

In their third issue, appellants argue that their attorney provided ineffective assistance of counsel because "[s]ome of the evidence that should have been presented to [the] trial court was not"; their exhibits "are not filed correctly by numbers"; and before their attorney asked for "more payments," "he guaranteed results of receiving custody of [their] children which goes against Ethical Barriers and guaranteeing results (proof Via text)." Appellants, however, have not identified evidence that was not presented, how the exhibits were misnumbered, or how

misnumbered exhibits or such an alleged guarantee would amount to deficient performance. The record reflects that appellants' counsel actively participated in trial, including cross-examining witnesses, offering evidence during appellants' case in chief, and making closing argument. On this record, we cannot conclude that appellants have shown that their counsel's performance was deficient. *See In re M.S.*, 115 S.W.3d at 545.

Further, we cannot conclude that appellants have shown prejudice. *See id*. at 549–50 (requiring showing of reasonable probability that, but for allegedly deficient performance, result of proceeding would have been different). Appellants have not shown how missing evidence, misnumbered exhibits, or their attorney's alleged guarantee of a successful result impacted the result of the proceeding. *See id.* Appellants have not challenged the sufficiency of the evidence to support the trial court's endangerment and best-interest findings, and the evidence of endangerment was overwhelming, including appellants' history of drug use, Father's domestic violence and criminal history, Mother's use of methamphetamine while she was pregnant with Son, and appellants' neglect and abuse of Mother's two teenaged children. Because appellants have not satisfied either prong of the *Stickland* test, we overrule their third issue.

*Attorney ad Litem for Children*

In their fourth issue, appellants complain about the performance of the attorney ad litem who represented the children. Appellants, however, lack standing to bring this complaint. *See In re D.W.G.K.*, 558 S.W.3d 671, 678–79 (Tex. App.—Texarkana 2018, pet. denied) (concluding that parent did not have standing to raise complaint that child did not receive effective assistance of counsel and observing that holding was consistent with majority of sister

8

courts addressing issue); *D.F. v. Texas Dep't of Fam. & Protective Servs.*, No. 03-16-00883-CV, 2017 Tex. App. LEXIS 2849, at *8–9 (Tex. App.—Austin Apr. 4, 2017, no pet.) (mem. op.) (concluding that parent lacked standing to complain of alleged error that did not injuriously affect her but affected rights of other parent and child); *A.E. v. Texas Dep't of Fam. & Protective Servs.*, No. 03-14-00414-CV, 2014 Tex. App. LEXIS 13726, at *13 (Tex. App.—Austin Dec. 23, 2014, no pet.) (mem. op.) (concluding that Father did not have standing to complain about trial court's decision to proceed with termination hearing without presence of attorney ad litem for children); *In re T.N.*, 142 S.W.3d 522, 524 (Tex. App.—Fort Worth 2004, no pet.) (concluding that mother did not have standing to complain about alleged deficient performance by children's attorney).

At the time of trial, the Department was the children's temporary managing conservator. *See In re T.N.*, 142 S.W.3d at 524 (observing that Child Protective Services "had temporary managing conservatorship, including the right to represent the child in legal action and to make other decisions of substantial legal significance concerning the child" in reaching conclusion that mother lacked standing to assert claim on children's behalf on appeal); *see also* Tex. Fam. Code § 153.371(8) (listing rights of nonparent appointed as sole managing conservator to include "right to represent the child in legal action and to make other decisions of substantial legal significance concerning the child"). Further, appellants have not shown how their interests are identical with their children's interests. *See In re T.N.*, 142 S.W.3d at 524 (explaining that exception of "doctrine of virtual representation" that allows party to complain about error that affects rights of other person requires "identical interests"). Because appellants lack standing, we overrule appellants' fourth issue.

**CONCLUSION**

Having overruled appellants' issues, we affirm the trial court's order of termination.

_____

Melissa Goodwin, Justice

Before Justices Goodwin, Baker, and Triana

Affirmed

Filed:   April 22, 2022