

# NUMBER 13-22-00031-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

PAUL JOHNSON,                                                          Appellant,

v.

BASTROP CENTRAL
APPRAISAL DISTRICT,                                                    Appellee.

## On appeal from the 21st District Court
## of Bastrop County, Texas.

# MEMORANDUM OPINION

**Before Justices Longoria, Silva, and Peña**
**Memorandum Opinion by Justice Peña**

Appellant Paul Johnson appeals a judgment following a jury trial concluding that his property did not qualify for open-space appraisal for the 2019 tax year as previously determined by appellee Bastrop Central Appraisal District (BCAD). *See* TEX. TAX CODE

ANN. §§ 42.01–.43 (permitting a property owner to seek judicial review of an order of an appraisal review board). In thirty-seven issues, which we reframe and construe as five issues, Johnson argues that: (1) the trial court lacked subject matter jurisdiction; (2) there is legally insufficient evidence supporting the jury's verdict; (3) the trial court's jury instructions were erroneous; (4) the trial court abused its discretion for multiple evidentiary rulings; and (5) the trial court erred in denying Johnson's motion to compel. We affirm.[1]

## I.     BACKGROUND

Johnson owns a 20.14-acre property located in Bastrop County called Cripple Gray Ranch. For tax year 2019, Johnson filed an application with BCAD seeking open-space land appraisal. *See id.* § 23.51(1) ("'Qualified open-space land' means land that is currently devoted principally to agricultural use to the degree of intensity generally accepted in the area[.]"). Johnson claimed the property was native pastureland that was used as grazing for five horses. BCAD's chief appraiser denied Johnson's application because the property was not devoted principally to agricultural use. Johnson sought further review from BCAD's appraisal review board (ARB), which denied Johnson's appeal.

Johnson filed suit seeking a de novo review of the ARB's ruling. *See id.* § 42.01. The parties participated in a non-binding arbitration, and the arbitrator ruled that the property was not entitled to open-space appraisal for tax year 2019. The case then proceeded to a jury trial, at which the following evidence was adduced. The chief

---

[1] This case is before this Court on transfer from the Third Court of Appeals in Austin pursuant to a docket-equalization order issued by the Supreme Court of Texas. *See* TEX. GOV'T CODE ANN. § 73.001 (granting the supreme court the authority to transfer cases from one court of appeals to another if there is "good cause" for the transfer).

appraiser for BCAD adopted guidelines for determining whether a property met the degree of intensity of agricultural use to qualify for open-space land appraisal. The minimum size of land requirements for native pastureland was fifty-six acres, with a minimum number of seven animals. During tax year 2019, Johnson's property did not meet either minimum requirement. Johnson trained and broke horses for Polocrosse and pleasure riding on the property. The Cripple Gray Ranch Facebook page advertised that, "Owners Susan H. Johnson and Paul Johnson raise and train horses for Polocrosse." During tax year 2019 horses were trained, stabled, fed, and cared for on the property.

The jury returned a verdict answering "No" to the following question: "Do you find from a preponderance of evidence that the subject property is entitled to be appraised as qualified open-space land for tax year 2019?" The trial court signed a final judgment denying Johnson relief. Johnson filed a motion for judgment notwithstanding the verdict and a motion for new trial, which were overruled by operation of law. This appeal followed.

## II.     JURISDICTION

In his first issue, Johnson complains the trial court lacked subject matter jurisdiction over certain issues. Johnson complains that the trial court only had jurisdiction over issues and defenses raised by BCAD in its initial denial letter.

### A.     Standard of Review & Applicable Law

Subject matter jurisdiction is required; without it, a court's opinion is advisory, and advisory opinions are not within the purview of the judicial branch of government. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 444–45 (Tex. 1993). Accordingly, subject matter jurisdiction may be raised at any time, including for the first time on appeal. *Id.* at 445. We review subject matter jurisdiction questions de novo. *Tex. Dep't of Parks*

3

*& Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004).

"The appraisal records, as changed by order of the ARB and approved by that board, constitute the appraisal roll for the district." *Willacy Cty. Appraisal Dist. v. Sebastian Cotton & Grain, Ltd.*, 555 S.W.3d 29, 40 (Tex. 2018) (citing TEX. TAX CODE ANN. § 25.24). "Chapter 41 [of the tax code] allows a property owner to file a protest for substantive challenges to property appraisals." *Id.* (citing TEX. TAX CODE ANN. § 41.44).

> An appeal of an ARB determination to the district court is a trial de novo, and the district court "shall try all issues of fact and law raised by the pleadings in the manner applicable to civil suits generally." TEX. TAX CODE [ANN.] § 42.23(a). A trial de novo is "[a] new trial on the entire case—that is, on both questions of fact and issues of law—conducted as if there had been no trial in the first instance." *Trial de novo*, BLACK'S LAW DICTIONARY (10th ed. 2014); *see also PR Invs. & Specialty Retailers, Inc. v. State*, 251 S.W.3d 472, 476 (Tex. 2008). Such a trial is "appellate" only as distinguished from "original" or "concurrent," but not in the sense that the evidence is fixed or that court is confined to that paper record. *Id.* A trial de novo is not confined to the same evidence that was presented during the administrative phase, and "the reviewing court shall try each issue of fact and law in the manner that applies to other civil suits in this state as though there had not been an intervening agency action or decision." *Id.* Thus, in a trial de novo, a court may consider arguments and evidence that are introduced afresh.

*Id.* at 50.

To be eligible for open-space land appraisal, a property owner must establish that "(1) their land was 'currently devoted principally to agricultural use,' (2) the agricultural use was 'to the degree of intensity generally accepted in the area,' and (3) their land 'has been devoted principally to agricultural use . . . for five of the preceding seven years.'" *Moers v. Harris Cty. Appraisal Dist.*, 469 S.W.3d 655, 662 (Tex. App.—Houston [1st Dist.] 2015, pet. denied) (quoting TEX. TAX CODE ANN. § 23.51(1)). The chief appraiser has the authority to determine applications for open-space land appraisal as well as the degree of intensity standards. *Id.* at 263 (citing TEX. TAX. CODE ANN. § 23.57(a), (c)).

4

**B.      Analysis**

BCAD's chief appraiser stated in the initial denial letter that Johnson's property did not qualify for open-space land appraisal because it was not devoted principally to agricultural use. At trial, BCAD introduced evidence regarding whether the property met the degree of intensity standards established by the chief appraiser and whether the property met the prior use requirement. The jury charge also contained instructions related to these elements. Johnson maintains that the trial court only had subject matter jurisdiction over the issue relied on by BCAD in its initial denial letter—principal use.

A similar argument was rejected by the Texas Supreme Court in *Willacy*, which stated that the respondent was:

> hybridizing the problems of issue preservation (i.e., that an appealing party must bring an argument to the attention of the trial court in order for an appellate court to later consider it) and exhaustion of administrative remedies (i.e., a party must file and go through an administrative determination on their claim before filing suit in district court).

*Willacy Cty. Appraisal Dist.*, 555 S.W.3d at 50 (citations omitted). With respect to preservation, BCAD has not waived issues not raised in the administrative proceedings because an appeal of the ARB determination to the district court is a trial de novo in which the trial court tries each issue of fact and law afresh. *See id.* Further, "[u]nlike the property owner, [BCAD] had no prior administrative remedy to exhaust at the ARB stage of the proceedings." *Harris Cty. Appraisal Dist. v. Hous. 8th Wonder Prop., L.P.*, 395 S.W.3d 245, 251 (Tex. App.—Houston [1st Dist.] 2012, pet. denied). "As the entity responsible for the initial property valuation, [BCAD] had no right to initiate the protest procedure and no control over what objections would be presented by the property owner to the ARB." *Id.*; *see also Travis Cent. Appraisal Dist. by & Through Crigler v. Tex. Disposal Sys.*

*Landfill, Inc.*, No. 03-20-00122-CV, 2022 WL 2236109, at *6–7 (Tex. App.—Austin June 22, 2022, pet. filed) (mem. op.). We conclude that the trial court had subject matter jurisdiction over all issues pertaining to whether Johnson's property qualified for open-space land appraisal. *See Miranda*, 133 S.W.3d at 226.

Johnson also argues that BCAD failed to timely produce its evidence at the ARB hearing in violation of his due process rights, rendering the entire proceeding void. Johnson thus contends that the trial court was without jurisdiction to consider this void ruling. Johnson relies on authority stating that an appellate court is without jurisdiction over the merits of an appeal from a void judgment issued by the trial court. *See Waite v. Waite*, 150 S.W.3d 797, 800 (Tex. App.—Houston [14th Dist.] 2004, pet. denied) ("If the judgment is void because the trial court lacked subject matter jurisdiction, we must declare the judgment void and dismiss the appeal because an appellate court has no jurisdiction to decide the merits of an appeal from a void judgment or order."). However, Johnson cites no authority stating that a trial court lacks jurisdiction to conduct a de novo trial in an appeal from a void ARB ruling in a Chapter 42 proceeding. More importantly, Johnson does not provide argument or authority in support of his bare assertion that the untimely production of documents rendered the ARB ruling void.

Rule 38.1 of the Texas Rules of Appellate Procedure requires that an appellant's brief "contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record." TEX. R. APP. P. 38.1(i). "Bare assertions of error without argument or authority waive error." *In re J.A.M.R.*, 303 S.W.3d 422, 425 (Tex. App.—Dallas 2010, no pet.). An appellate court is not permitted to perform an independent review of the record and applicable law to determine whether there was

6

error. *Valadez v. Avitia*, 238 S.W.3d 843, 845 (Tex. App.—El Paso 2007, no pet.). In doing so, we would be abandoning our role as neutral adjudicators and become an advocate for that party. *Id*. "When a party fails to adequately brief a complaint, he waives the issue on appeal." *See Washington v. Bank of New York*, 362 S.W.3d 853, 854–55 (Tex. App.—Dallas 2012, no pet.). We overrule Johnson's first issue.

### III.    DEPENDENT ISSUES

In his second and third issues, Johnson raises arguments that are dependent on those raised in issue one. In his second issue, Johnson contends that there is legally insufficient evidence supporting the jury's finding that his property did not qualify for open-space land appraisal.[2] Johnson argues that the sufficiency of the evidence should be judged only against whether his property was currently devoted principally to agricultural use. Johnson does not challenge the sufficiency of the evidence supporting the jury's implicit findings that his property did not meet the degree of intensity and prior use requirements based on his contention that the court was without jurisdiction over those issues. These findings independently support the jury's verdict. *See Britton v. Tex. Dep't of Crim. Just.*, 95 S.W.3d 676, 682 (Tex. App.—Houston [1st Dist.] 2002, no pet.) ("[W]hen independent jury findings fully support a judgment, an appellant must attack each independent jury finding to obtain a reversal.").

In his third issue, Johnson maintains that the trial court's jury charge was erroneous for not limiting the jury's consideration to only whether his property was

---

[2] Johnson raised his no evidence arguments in his motion for judgment notwithstanding the verdict and motion for new trial. He raised similar arguments in his motion for summary judgment. He contends the trial court erred by denying all three motions.

devoted principally to agricultural use. Based on our conclusion that the trial court had subject matter jurisdiction over all issues and evidence raised in the de novo proceeding, we necessarily reject these dependent arguments.

Johnson additionally argues under his third issue that the trial court erred in refusing Johnson's proposed jury instructions to disregard BCAD's degree of intensity guidelines. However, as stated above, the chief appraiser has the statutory authority to determine the degree of intensity standards for open-space land appraisals. *See* TEX. TAX. CODE ANN. § 23.57(a), (c); *Moers*, 469 S.W.3d at 662. Because Johnson's proposed instructions were misstatements of the law, the trial court did not abuse its discretion in denying those instructions. *See Thota v. Young*, 366 S.W.3d 678, 687 (Tex. 2012) ("An instruction is proper if it (1) assists the jury, (2) accurately states the law, and (3) finds support in the pleadings and evidence."). For the foregoing reasons, we overrule Johnson's second and third issues.

## IV.   EVIDENTIARY RULINGS

In his fourth issue, Johnson challenges several evidentiary rulings. Evidentiary rulings are committed to the trial court's sound discretion. *U-Haul Int'l, Inc. v. Waldrip*, 380 S.W.3d 118, 132 (Tex. 2012). The test for abuse of discretion is "whether the court acted without reference to any guiding rules and principles." *In re Nat'l Lloyds Ins. Co.*, 507 S.W.3d 219, 226 (Tex. 2016) (orig. proceeding) (per curiam) (citing *Cire v. Cummings*, 134 S.W.3d 835, 838 (Tex. 2004) (quoting *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985)). "A party seeking to reverse a judgment based on evidentiary error must prove that the error probably resulted in rendition of an improper judgment." *Bennett v. Comm'n for Lawyer Discipline*, 489 S.W.3d 58, 73 (Tex. App.—

8

Houston [14th Dist.] 2016, no pet.).

Most of Johnson's complaints are bare assertions of error, unsupported by argument or authority. For these complaints, Johnson fails to explain how the trial court abused its discretion in relation to the applicable rules of evidence. He further fails to provide any argument or authority on how the trial court's evidentiary rulings constituted harmful error. Therefore, we conclude that Johnson has waived these contentions due to inadequate briefing. *See Washington*, 362 S.W.3d at 854–55.

Johnson has not preserved the remainder of his complaints either by failing to timely object at trial or by raising arguments on appeal that do not comport to his objections at trial. *See* TEX. R. APP. P. 33.1(a)(1); *Martin v. Cottonwood Creek Constr., LLC*, 560 S.W.3d 759, 763 (Tex. App.—Waco 2018, no pet.) ("In order to preserve error for appellate review, a party's argument on appeal must comport with its argument in the trial court."). We overrule Johnson's fourth issue.

## V. MOTION TO COMPEL

In his fifth issue, Johnson argues that the trial court erred in denying his motion to compel the discovery of the identity of BCAD's on-site inspectors. Similar to many of his evidentiary complaints, Johnson's issue is a bare assertion of error, unsupported by argument and authority. Therefore, he has waived the issue due to inadequate briefing. *See Washington* 362 S.W.3d at 854–55. We overrule Johnson's fifth issue.

## VI. CONCLUSION

We affirm the trial court's judgment.

L. ARON PEÑA JR.
Justice

Delivered and filed on the
25th day of January, 2024.